UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STILIANOS APESSOS | CIVIL ACTION |
| VERSUS | NO: 16-13197 |
| MATTHEW YACAVONE, INDIVIDUALLY AND ON BEHALF OF THE MINOR CHILD, BROOKE YACAVONE AND HIS INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | SECTION: A(3) |

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 6)** filed by plaintiff Stilianos Apessos. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") opposes the motion (Rec. Doc. 7). The motion, noticed for submission on September 7, 2016, is before the Court on the briefs without oral argument. For the following reasons, Apessos' **Motion to Remand (Rec. Doc. 6)** is **GRANTED**.

The sole issue presented by Apessos' motion to remand is whether State Farm's co-defendant Matthew Yacavone, who was properly joined and served before removal,[1] consented to State Farm's removal of Apessos' claim. (Rec. Doc. 6-1, Pg.2). State Farm does not dispute that Yacavone was joined and served before removal, but contends that Yacavone consented to the removal. State Farm cites its notice of removal wherein it explicitly states that Yacavone consented to removal. (Rec. Doc. 1, Pg. 5).

Under § 1441(c)(1), a defendant may remove a case to federal court based on

---

[1] Service of Matthew Yacavone "was accomplished by longarm service no later than June 10, 2016." (Rec. Doc. 6-1, Pg. 2).

1

diversity jurisdiction when the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C.A. § 1441(c)(1). When a defendant removes a case to federal court, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C.A. § 1446(b)(2)(A). In the Fifth Circuit, unanimous consent to removal requires that all joined and served defendants "either sign the original petition for removal or timely file a written consent to the removal." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) (citing *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988)). The Fifth Circuit requires that when a co-defendant does not join the removal, "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988).

      State Farm's removal of Apessos' claim to federal court is procedurally defective because Matthew Yacavone, a properly joined and served co-defendant, did not join in or consent to the removal. State Farm's notice of removal includes a provision that states "Codefendants, Matthew Yacavone (individually and on behalf of Brooke Yacavone), consent to removal at this time." (Rec. Doc. 1, Pg.5). State Farm argues that this provision alone qualifies as Yacavone's consent. However, Yacavone did not join the notice of removal, and has not himself filed written consent to removal. Even if, in fact, Yacavone told State Farm that he consented, he did not file a written consent to the removal with the Court, as required in the Fifth Circuit. Therefore, the proper procedure for removal was not followed and Apessos is entitled to have the claim remanded.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 6)** filed by plaintiff Stilianos Apessos is **GRANTED** and the matter is remanded to the state court from which the case was removed**.**

New Orleans, Louisiana, September 28, 2016.

_____
THE HONORABLE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE